## J. CUILLÉ et al. *v.* J. B. GASSEN et al.

When the widow in the community, and natural tutrix of her minor children, having the possession
and administration of the property of her deceased husband's succession during her life, enters into
a partnership with the heirs who are of full age, and slaves and other property of the succession are
employed and used by the partnership—*Held*: that the minor heirs were not, and could not be made
by their natural tutrix, members of the partnership, and consequently, after her death, have the
right to sue for, and recover from the surviving partners, a debt due them by the partnership,
before a final settlement and liquidation of the partnership affairs. *Held* also: that the hire of the
slaves was a debt due the succession by the partnership, and that the minor heirs are entitled to
recover from the surviving partners the portion of the hire of the slaves due them, less the portion
which was extinguished at the death of their mother by confusion, on their becoming her beneficiary
heirs.

APPEAL from the District Court of the Parish of Jefferson, *Burthe, J.*

*J. Magne*, for plaintiffs. *Michel & Kountz*, for defendants and appellants.

LAND, J. *Antoine Gassen* died in July, 1848, leaving a widow in community,
five children, and a succession inventoried at over $19,000, including several
slaves.

One of his children, *J. B. Gassen*, was of age, another, *Cothilde*, was emanci-
pated by marriage to *Louis Gordon*, and the other three, *Jeannette, Adelaïde* and
*Antoine*, were minors.

In August, 1848, the widow, the natural tutrix of the minors, retaining the
possession and administration of the property of the succession, entered into a
partnership with her son, *J. B. Gassen*, and her son-in-law, *Louis Gordon*, for the

purposes of keeping a ferry, running a schooner, and carrying on respectively the business of a cigar manufactory, grocery, and the keeping of horses at livery.

Three of the slaves belonging to the succession were constantly employed by the partnership in keeping the ferry, up to the time of the death of the widow, in July, 1852.

This suit is brought by the minor heirs, to recover from the surviving partners, *J. B. Gassen* and *Louis Gordon*, the value of the services of these slaves and the fruits and revenues of other property belonging to the succession, during the continuance of the partnership, so far as they were entitled to the same, as heirs at law of *Antoine Gassen,* deceased.

The defendants excepted to the plaintiffs' demands, on the ground that the matters and facts contained in their petition, pertain to a partnership formerly existing between themselves and the widow of *Antoine Gassen,* and can only be adjudicated upon, on a settlement of the partnership affairs.

The exception was overruled, and the defendants pleaded a general denial, admitting however the partnership.

The question therefore presented, is, whether the plaintiffs, heirs at law at the time of the institution of this suit, of both *Antoine Gassen* and his widow, can recover a debt due by the partnership, from the surviving partners, before a final settlement and liquidation of its affairs.

The plaintiffs were not members of the partnership, nor had their natural tutrix the right to make them such, and subject their interests in the succession of their father to the hazards of trade or speculation. The widow was a partner in her individual capacity, and on her personal responsibility, and not as the tutrix or representative of the minors. And the partnership could as validly have become the debtors of the minors, by the use and appropriation of their property, as they could have become the debtors of other parties.

The minors were third persons as to this partnership, and have a right to sue for a debt due them, before a final settlement and liquidation of its affairs.

The plaintiffs are the beneficiary heirs to the succession of their mother, and are only liable for her debts, to the amount of assets that may come from her succession into their hands, These assets are subject to the demands of the defendants, if, on a final settlement of the partnership affairs, the widow should be indebted to them; but beyond the amount of these assets, the defendants can have no recourse against her heirs, and are bound to pay the debts sued for, although the succession of the widow *Gassen* should be insolvent.

The debt sued for is not an asset of the mother's succession.

It is, therefore, clear, that there can be no legal reason for the suspension of the plaintiffs' demand until a settlement of the partnership affairs.

The remaining question, therefore is, what interest had the minors in these slaves, and what amount the surviving partners owe for their services during the continuance of the partnership.

The widow was the owner of an undivided half interest, by virtue of her community rights; *J. B. Gassen* and the wife of *Louis Gordon* were owners of two-fifths of the other half, and the plaintiffs the remaining three-fifths.

The evidence sufficiently shows, that the services of the slaves were worth $600 per annum, and that the partnership enjoyed the benefit of their labor for four years. Of this amount, the widow was entitled to $1200; *J. B. Gassen* and *Mrs. Gordon* were entitled each to $240, leaving due to the plaintiffs, from the partnership, $720.

This debt was due by the partners *in solido ;* but the plaintiffs having become heirs at law to the widow *Gassen,* one-third of this debt became extinguished by confusion, to the benefit of which her co-partners are entitled.   C. C., Art. 2215 ; Pothier on Obligations, p. 332.

It, therefore, appears, that the defendants are indebted to the plaintiffs, as heirs of *Antoine Gassen,* for a partnership debt, in the sum of $480.

The plaintiffs also claim of the defendants the value of the services of the same slaves, and the fruits and revenues of other property, after the dissolution of the partnership.   The evidence is, however, insufficient to enable the court to render a judgment on this part of their demand.   Their rights, however, will be reserved.

The plaintiffs failed to prove that the partnership enjoyed the fruits and revenues of any other property belonging to the succession of *Antoine Gassen,* except the labor and services of the three slaves.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed. and that the plaintiffs, as heirs at law of *Antoine Gassen,* recover of the defendants *in solido,* the sum of four hundred and eighty dollars, with legal interest from judicial demand ; and that defendants pay the costs of the lower court, and the plaintiffs pay the costs of this appeal.   And it is further ordered and decreed, that the rights of the plaintiffs, as heirs of *Antoine Gassen,* against the defendants, accruing subsequently to the dissolution of the partnership between the widow *Gassen* and said defendants, be reserved ; and that the rights of plaintiffs as heirs of the widow *Gassen,* be reserved generally against the defendants, so far as they have not been determined in this suit.